IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronald Bernard Daniel, | ) |
| Petitioner, | ) Case No. 8:12-cv-00740-MGL-JDA |
| v. | ) **REPORT AND RECOMMENDATION** |
| Warden John Owen, | ) **OF MAGISTRATE JUDGE** |
| Respondent. | ) |

This matter is before the Court on Respondent's motion to dismiss or, alternatively, for summary judgment. [Doc. 14.] Petitioner is a federal prisoner, proceeding pro se, who seeks relief pursuant to Title 28, United States Code, Section 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review applications for post-conviction review under 28 U.S.C. § 2241 and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 12, 2012.[1] [Doc. 1.] On June 20, 2012, Respondent filed the motion to dismiss or, alternatively, for summary judgment. [Doc. 14.] Also on June 20, 2012, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on March 12, 2012. [Doc. 1-2 (envelope stamped by prison mailroom on March 12, 2012).]

respond to the motion. [Doc. 15.] Petitioner filed a response in opposition on July 25, 2012. [Doc. 21.] Accordingly, the motion is now ripe for review.

## BACKGROUND

**Underlying Conviction, Appeal, and Previous Collateral Attack**

In 1992, the United States District Court for the Northern District of Georgia sentenced Petitioner to 327 months imprisonment for firearms violations, designating Petitioner an armed career offender. [Doc. 1 at 2, 11; *see* Doc. 1-1 at 1–2, 6.] Petitioner appealed to the United States Court of Appeals for the Eleventh Circuit, and his appeal was dismissed on February 23, 1993. [Doc. 1 at 4.] After a state court vacated a 1977 state conviction [*id.* at 11; Doc. 1-1 at 3–5], Petitioner filed a motion pursuant to 28 U.S.C. § 2255, which was dismissed on August 21, 2002 [Doc. 1 at 4]. Subsequently, Petitioner sought a certificate of appealability of the denial of his § 2255 motion, but his request was denied in June 2003. [*Id.* at 5.]

**Instant Petition for Habeas Corpus**

On March 12, 2012, Petitioner filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court.[2] [Doc. 1.] Petitioner asserts that, because the 1977 state conviction was vacated, he no longer qualifies as an armed career offender and, thus, has a lower base offense level with a lower sentencing guideline range. [*Id.* at 11.] As a result, Petitioner contends his federal sentence has expired, and he is being unlawfully detained

---

[2] As explained below, a petition filed pursuant to § 2241 must be filed by the prisoner in the district of his confinement, 28 U.S.C. § 2242; therefore, because Petitioner is currently confined at FCI Williamsburg [Doc. 1 at 1], he was required to file his § 2241 petition in the United States District Court for the District of South Carolina.

past the maximum term in the sentencing guideline range that now applies to him. [*Id.* at 8, 11.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motions to Dismiss Standard**

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg &*

*Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

4

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

5

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

*Generally*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence.  *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers.").  A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

### *Savings Clause of § 2255*

A petition attacking the validity of a sentence should normally be brought under 28 U.S.C. § 2255; however, if the petitioner can satisfy the savings clause of § 2255,[3] he may pursue relief through a § 2241 habeas petition.[4] *See San-Miguel v. Dove*, 291 F.3d 257, 260–61 (4th Cir. 2002); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *Jones*. 226 F.3d at 333–34. The test provided in *In re Jones* requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal

---

[3]The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[4] Second or successive § 2255 petitions are prohibited unless the second or successive petition is

> certified as provided in section 2244 by a panel of the appropriate courts of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. *Id.*

**DISCUSSION**

The Court lacks subject matter jurisdiction over the Petition because Petitioner cannot satisfy the savings clause of § 2255. Here, Petitioner is challenging the legality of his sentence,[5] and "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333–34); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"); *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc) (stating, where the petitioner argued he was "actually innocent" of being a career offender when carrying a concealed firearm was no longer a crime of violence, "[e]very circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines

---

[5] Petitioner contends the distinction between § 2255 and § 2241 challenges is whether the petitioner is challenging an issue that arose during or after the trial or sentencing. [Doc. 21 at 2.] Petitioner is mistaken; as explained above, a motion pursuant to § 2255 is appropriate to challenge the legality of a federal conviction and sentence, while § 2241 is appropriate to challenge the calculation or execution of a sentence, which includes parole matters; the computation of the sentence by prison officials, such as credit for time served and Good Credit Time; prison disciplinary actions; and prison transfers. Here, Petitioner is challenging whether his sentence pursuant to the career offender statute should stand, which is a challenge to the legality of his sentence and is an appropriate challenge under § 2255.

miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h). Not one circuit has held to the contrary."). Further, Petitioner has failed to demonstrate a change in the substantive law such that the conduct of which he was convicted is no longer deemed criminal. *See Jones*, 226 F.3d at 333–34. Consequently, the instant § 2241 Petition fails to satisfy the requirements of the "savings clause" of § 2255(e) so as to provide this Court with jurisdiction to hear it, and the Petition must be dismissed.[6]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Respondent's motion to dismiss, or alternatively for summary judgment, be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 20, 2012
Greenville, South Carolina

---

[6] The Court also notes that, by his admission, Petitioner raised this claim in the § 2255 motion he filed in 2002. [Doc. 1 at 8.] As the Fourth Circuit has noted, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Thus, Petitioner cannot satisfy the savings clause of § 2255 merely because he was denied relief pursuant to that section.